JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
HILLARY A. HAMILTON (SBN 218233)
hillary.hamilton@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JAMES Y. PAK (SBN 304563)
James.Pak@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

OF COUNSEL
MICHAEL W. McTIGUE JR.
michael.mctigue@skadden.com
MEREDITH C. SLAWE
meredith.slawe@skadden.com
SKADDEN, ARPS,
SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

*Attorneys for Defendant Dollar Tree, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JESUS MENDEZ on behalf of himself and all others similarly situated,

Plaintiffs,

v.

Dollar Tree, Inc., a Virginia Corporation; and DOES 1-100, inclusive,

Defendants.

CASE NO.:

**CLASS ACTION**

**NOTICE OF REMOVAL**

[Removal from the Superior Court of California, Santa Clara County, Case No. 25CV479544]

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Dollar Tree, Inc. ("Dollar Tree") through undersigned counsel, hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of California for the County of Santa Clara ("Santa Clara County Superior Court"), Case No. 25CV479544, to the United States District Court for the Northern District of California. Dollar Tree removes the case pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.[1]

On October 28, 2025, Plaintiff Jesus Mendez, acting individually and on behalf of a purported nationwide class of persons he seeks to represent, filed a class action complaint in Santa Clara County Superior Court. Plaintiff served the Complaint and Summons on Defendant Dollar Tree on November 25, 2025. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Complaint, Order Setting Case Schedule, and Case Information Cover Sheet are attached as Exhibits 1-5. The documents that comprise Exhibits 1-5 constitute all process, pleadings, and orders served upon Dollar Tree. *See* 28 U.S.C. § 1446(a).

Removal of this action is therefore timely because Dollar Tree filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

Dollar Tree removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the bases that: (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendant; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Dollar Tree also removes this action pursuant to 28 U.S.C. § 1441(c), on the basis that this action alleges violations of the federal Electronic Communications Privacy Act ("ECPA"),

[1] All emphases are added and internal citations, quotations, and alterations are omitted unless otherwise stated for ease of reading.

18 U.S.C. § 2510, and thus raises a claim arising under federal law. *See* 28 U.S.C. § 1331.

**Proposed Class Action**

Plaintiff brings this case as a proposed class action, (Compl. ¶ 68; Ex. 1), and appears to seek certification of the putative class under California Code of Civil Procedure § 382, which is similar in all material respects to Federal Rules of Civil Procedure 23(b)(3). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

**Minimal Diversity**

Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

As alleged in the Complaint, Plaintiff Jesus Mendez is a resident of California. (Compl. ¶ 6.) Plaintiff Mendez seeks to represent a nationwide class comprised of "All United States residents who accessed the Website and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent two years prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement." (*Id.* ¶ 68.) Plaintiff Mendez also seeks to represent a California subclass comprised of "All California residents who accessed the Website in California and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent one year prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement." (*Id.*)

As Plaintiff acknowledges, Defendant Dollar Tree is a Virginia corporation with its principal place of business in Virginia. (*Id.* ¶ 7.) No other defendants are named in this action. Accordingly, diversity exists between (i) Plaintiff and the nationwide class he seeks to represent on the one hand; and (ii) Dollar Tree on the other hand, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less Than 100**

The number of members of the nationwide class that Plaintiff proposes is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff's nationwide Class includes "[a]ll United States residents who accessed the Website and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent two years prior to the filing date of this Complaint." (Compl. ¶ 68.) Plaintiff alleges that "Defendant collected data on hundreds of individuals who visited its website using tracking software." (*Id.* ¶ 12.) Plaintiff also alleges that "the members of the Class are so numerous that joinder of all members is impracticable." (*Id.* ¶ 70.) While Defendant disputes Plaintiff's allegations regarding "Trackers," Defendant's records reflect that more than 1,000 individuals in California alone visited Defendant's website within two years of the Complaint's filing. Plaintiff alleges that "at any given time a user visits the Website," a Tracker is "installed on users' browsers" without their consent. (*Id.* ¶ 64.) Assuming Plaintiff's allegations are true (as Defendant must at this stage of the litigation, despite disputing their accuracy), Plaintiff's proposed nationwide class thus comprises more than 100 persons.

**The Amount In Controversy Is Over $5,000,000**

This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original).

Plaintiff asserts that the "amount in controversy as to the Plaintiff *individually* and *each individual* class member does not exceed $75,000." (Compl. ¶ 8.) But "[i]n any class action, the claims of the individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where, as here, a complaint fails to state an aggregated amount in

controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

Here, Plaintiff alleges that "Defendant collected data on hundreds of individuals who visited its website using tracking software." (Compl. ¶ 12.) As to the California subclass, Plaintiff asserts claims for: (1) statutory damages of "$5,000 for each of Defendant's violations of CIPA"; (2) "compensatory damages, injunctive relief, and other equitable relief" for alleged violations of the California Computer Data Access and Fraud Act; and (3) "restitution, disgorgement of profits earned by Defendant… nominal damages, and any and all other equitable relief that will compensate Plaintiff and Class members properly" for alleged invasion of privacy. (*Id.* ¶¶ 89, 121, 131.) As to the nationwide class, Plaintiff asserts claims for statutory damages under the ECPA totaling "the greater of $100 per day per violation or $10,000." (*Id.* ¶ 101.) Additionally, as mentioned above, Defendant's records reflect that Plaintiff's putative California subclass would number over 1,000 individuals seeking at least $5,000 in statutory damages for alleged violations of CIPA.

Plaintiff's claims, when aggregated, clearly demonstrate an amount in controversy that exceeds $5,000,000.

**The Action Raises A Claim Arising Under Federal Law**

This is an action "arising under" the laws of the United States. 28 U.S.C. § 1331.

"Federal courts have original jurisdiction over all civil actions that arise under the Constitution or laws of the United States." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). "Most federal-question jurisdiction cases are those in which federal law creates a cause of action." *Id.* "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." 28 U.S.C. § 1441(a). The district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiff asserts a claim for alleged violations of 18 U.S.C. § 2511 of the ECPA and that his claims are authorized by 18 U.S.C. § 2520. (Compl. ¶¶ 97-99.) The ECPA creates a federal cause of

action allowing "any person" to "recover from the person or entity" that allegedly violated its provisions. 18 U.S.C. § 2520(a). This action thus includes "a claim arising under" the laws of the United States, and may be removed. 28 U.S.C. § 1441(a). Plaintiff's state law claims arise under the same facts and form part of the same case or controversy. (*See* Compl. ¶ 72.)

This action thus raises a claim arising under federal law, providing the U.S. District Court for the Northern District of California with original jurisdiction over Plaintiff's federal claim, and the district court has supplemental jurisdiction over Plaintiff's state law claims that arise under the same facts.

**Removal Is Proper**

Pursuant to 28 U.S.C. § 1441, a suit over which a district court would have original jurisdiction may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b). Because this Court could have asserted original jurisdiction over this case under CAFA and because this case asserts a cause of action that arises under federal law, Dollar Tree is entitled to remove the present action to the Court.

Santa Clara County Superior Court lies within the Northern District of California. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The San Jose Division is the proper division for this matter, as it is being removed from Santa Clara County. *See* LCR 3-2(e).

Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the Santa Clara County Superior Court, as required by 28 U.S.C. § 1446(d).

The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

Noting in this Notice of Removal shall be interpreted as a waiver or relinquishment of Dollar Tree's right to assert any defense. Dollar Tree reserves the right to assert all applicable claims and defenses in response to the Complaint.

**Conclusion**

Defendants respectfully remove this action from the Superior Court of Santa Clara County,

in the State of California, bearing case number 25CV479544, to the United States District Court for the Northern District of California.

DATED: December 22, 2025 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *\/s\/ Jason D. Russell*
JASON D. RUSSELL
Attorneys for Defendant
Dollar Tree, Inc.